IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LARRY K. GANT )
)
v. ) NO. 3:05-1004
) JUDGE CAMPBELL
R.D. HERBERT & SONS, INC. )

MEMORANDUM

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment (Docket No. 18) and Plaintiff's Motion for Oral Argument (Docket No. 43). The Court finds that oral argument is not necessary and Plaintiff's Motion for Oral Argument (Docket No. 43) is DENIED. For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment (Docket No. 18) is also DENIED.

FACTS

Plaintiff Larry Gant is a former employee of Defendant R.D. Herbert & Sons, Inc. Plaintiff alleges that he was employed by Defendant as a Superintendent and that he was wrongfully fired by Defendant on October 14, 2005. Plaintiff claims that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages; that Defendant violated the Family and Medical Leave Act ("FMLA") by interfering with his exercise of FMLA rights and by retaliating against him for exercising those rights; and that Defendant terminated his employment in violation of the Age Discrimination in Employment Act ("ADEA"), the Tennessee Human Rights Act ("THRA"), the Americans with Disabilities Act ("ADA") and the Tennessee Handicap Protection Act ("THPA").

Plaintiff has moved for partial summary judgment on the first two of his claims, the claim for overtime pay under the FLSA and the claim for wrongful interference with his FMLA rights.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## FLSA

The FLSA requires employers to pay their employees time-and-a-half for work performed in excess of forty hours per week but exempts bona fide executive, administrative, or professional employees from the overtime pay requirements. Acs v. Detroit Edison Co., 444 F.3d 763, 764 (6th Cir. 2006); 29 U.S.C. § 207 and § 213. Exemptions to the FLSA must be narrowly construed against the employers seeking to assert them. Id. at 767. The employer bears the burden of proving that the exemption applies to the employee in question. Id.

2

To establish an overtime exemption for executive, administrative or professional employees, an employer must satisfy three tests: (1) duties test; (2) salary level test; and (3) salary basis test. Acs, 444 F.3d at 767. Plaintiff has moved for summary judgment based on Defendant's alleged non-compliance with the salary basis test. Docket No. 40, n.1.

An employee will be considered to be paid on a "salary basis" within the meaning of the FLSA if under his employment agreement he regularly receives each pay period a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Acs, 444 F.3d at 767; 29 C.F.R. § 541.118. An employer may satisfy the salary-basis test even though it chooses to pay salaried employees on an hourly basis. Id. at 768.

The Court finds that the record in this case demonstrates genuine issues of material fact as to whether Plaintiff was paid by Defendant on a "salary basis." For example, the parties dispute whether Plaintiff was paid according to the wage scale in the Collective Bargaining Agreement between the Sheet Metal Workers Local 177 and Defendant. Docket No. 28, ¶ 3. The parties dispute, in every way, how Plaintiff's pay was calculated. Id., ¶¶ 6-9; Docket No. 42, ¶¶ 29, 31-40, 42-26. The parties dispute Plaintiff's job duties and the nature of his position as Superintendent of Outside Sheet Metal for Defendant. Docket No. 42, ¶¶ 8-16, 27-28.

Accordingly, the Court cannot grant summary judgment on this issue, and Plaintiff's Motion for Partial Summary Judgment on his FLSA claim is DENIED.

FMLA

Plaintiff alleges that Defendant interfered with Plaintiff's FMLA rights by threatening to replace Plaintiff if he did not return to work and by terminating Plaintiff's employment immediately after he informed Defendant of his need for leave.

The Family and Medical Leave Act provides that it is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise rights provided in the FMLA. 29 U.S.C. § 2615. To establish an FMLA interference claim, Plaintiff must demonstrate that (1) he was an eligible employee, (2) Defendant was an employer as defined in the FMLA, (3) Plaintiff was entitled to leave under the FMLA, (4) Plaintiff gave Defendant notice of his intention to take leave, and (5) Defendant denied Plaintiff FMLA benefits to which he was entitled. Killian v. Yorozu Automotive Tennessee, Inc., 454 F.3d 549, 556 (6th Cir. 2006); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005).

Plaintiff contends he was entitled to FMLA leave because of his "serious health condition." Docket No. 14 (First Amended Complaint), ¶ 48. The FMLA provides that eligible employees are entitled to take leave because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. 29 U.S.C. § 2612(a)(1)(D). Defendant asserts that Plaintiff has failed to establish that he was entitled to FMLA leave because he has not shown that he suffered from a "serious health condition" as defined in the FMLA. Docket No. 39; Docket No. 28, ¶ 39.

Regardless of whether Plaintiff suffered from a "serious health condition," however, Plaintiff must also establish that he gave Defendant notice of his intention to take FMLA leave. To invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave. Walton, 424 F.3d at 486. The critical question is whether the information imparted to the

4

employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition. Id. What is practicable, both in terms of the timing of the notice and its content, will depend upon the facts and circumstances of each individual case. Id; Cavin v. Honda of America Mfg., Inc., 346 F.3d 713, 724 (6th Cir. 2003).

In this case, the parties vigorously dispute exactly what notice Plaintiff gave to Defendant concerning his FMLA leave. Docket No. 28, ¶¶ 25-33; Docket No. 42, ¶ 1. Even though the issue of whether notice satisfied the statutory requirement is a question of law, the question of whether any notice was given, and if so, what the notice consisted of and when it was given, is one of fact. Cavin, 346 F.3d at 723. Those facts, in this case, are disputed. In addition, the parties dispute whether Defendant actually threatened to replace Plaintiff if he failed to return to work. Id., ¶ 34.

For these reasons, the Court cannot grant summary judgment on Plaintiff's FMLA interference claim, and Plaintiff's Motion for Partial Summary Judgment on this issue is also DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE